IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

KRISTIE MARIE BOHL                                                         PLAINTIFF

v.                              CIVIL NO. 21-2171

KILOLO KIJAKAZI, Acting Commissioner
Social Security Administration                                          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Kristie Marie Bohl, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on October 4, 2019, alleging an inability to work due to bipolar disorder and depression. (Tr. 132, 230). An administrative telephonic hearing was held on January 25, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 103-129).

By written decision dated March 12, 2021, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 81). Specifically, the ALJ found Plaintiff had the following severe impairments: schizoaffective disorder, bipolar disorder, chronic kidney disease stage 3, hidradenitis suppurativa, obesity and

1

polysubstance abuse. The ALJ found that including Plaintiff's substance abuse, the severity of Plaintiff's impairments met the criteria of Listings 12.03 (schizophrenia spectrum and other psychotic disorders and 12.04 (depressive, bipolar and related disorders). (Tr. 81). The ALJ determined if Plaintiff stopped the substance abuse, the remaining limitations would cause more than a minimal impact on Plaintiff's ability to perform basic work activities. (Tr. 84). The ALJ found if Plaintiff stopped the substance use, Plaintiff's impairments or combination of impairments would not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 85). The ALJ found if Plaintiff stopped the substance abuse, she maintained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.967(a) except simple, routine, repetitive tasks with few variables and little judgment required; supervision that is simple, direct, and concrete; and social interaction that is incidental to the work performed.

(Tr. 86). With the help of a vocational expert, the ALJ determined if Plaintiff stopped the substance abuse, she could perform work as a tube clerk, an addressing clerk and a cutter and paster. (Tr. 92). The ALJ found Plaintiff's substance use disorder is a contributing factor material to the determination of disability because Plaintiff would not be disabled if she stopped the substance abuse. (Tr. 92).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff, denied that request on September 15, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 13, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). The Court must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the Court must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental impairment that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues substance use is not a material factor to the determination of disability. (ECF No. 13). Defendant argues the ALJ's decision is supported by substantial evidence. (ECF No. 14).

The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. *See* 20 C.F.R. § 404.970(b). The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. *See Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992). If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case. *See* 20 C.F.R. § 404.970(b). Here, the Appeals Council denied review, finding that the new evidence did not show a reasonable probability that it would change the

outcome of the decision, noting that some of the evidence submitted was dated after the ALJ's decision and thus was not relevant to the time in question. In these circumstances, the Court does not evaluate the Appeals Council's decision to deny review, but rather the Court determines whether the record as a whole, including the new evidence, supports the ALJ's determination. *See Kitts v. Apfel*, 204 F.3d 785, 786 (8th Cir. 2000) ("When the Appeals Council has considered new and material evidence and declined review, we must decide whether the ALJ's decision is supported by substantial evidence in the whole record, including the new evidence.").

The new evidence submitted to the Appeals Council includes medical records dated August 25, 2021, and August 26, 2021, from Ms. Heather Olson, LPC, Plaintiff's therapist, indicating Plaintiff had been somewhat stable until the previous month when Plaintiff was terminated from a job after a few weeks of employment. (Tr. 6-9). Ms. Olson noted after Plaintiff was terminated, she threatened to burn her mother's house down, and made both homicidal and suicidal threats. Ms. Olson indicated Plaintiff was highly agitated and had not been taking her medications. The Court is cognizant that this new evidence is five months after the date of the ALJ's hearing decision. However, this is a case wherein Plaintiff has been diagnosed and treated for bipolar disorder since 2010. Due to the cyclical nature of the symptoms that occur with this disorder, and the ability to review the record as a whole, the Court finds pertinent that Plaintiff was found to be in a manic state wherein both her personal safety and the safety of others was in danger. Furthermore, there is no indication that Plaintiff was abusing substances during this most recent manic episode. Had the ALJ had this medical evidence before her when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new evidence.

On remand, the ALJ is also directed to address interrogatories to a medical mental health professional requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 3rd day of October 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE